IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JACKSON, ) | No. C 10-4395 MMC |
| Plaintiff, ) | |
| v. ) | **ORDER OF DISMISSAL** |
| GREGORY REIBER, M.D., ) RICHARD BOWDEN, ) Toxicologist, ) | |
| Defendants. ) | |
| _____ ) | |

On September 29, 2010, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3   elements: (1) that a right secured by the Constitution or laws of the United States was
4   violated, and (2) that the alleged violation was committed by a person acting under the color
5   of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

6   B.    Plaintiff's Claim

7        Plaintiff is suing the county-employed forensic pathologist and toxicologist who
8   performed the autopsy on the person plaintiff was convicted of murdering.  Specifically,
9   plaintiff claims that Dr. Reiber, the forensic pathologist, negligently ruled out the victim's
10  accidental death by choking, by making such determination before Dr. Reiber had received
11  the results of a blood sample that was negligently lost by Richard Bowden, the toxicologist.
12  For relief, plaintiff asks that the victim's death certificate be changed to reflect accidental
13  death by choking; plaintiff also seeks monetary damages and an apology to the victim's
14  family, and states he wants his "freedom back."  (Compl. at 3:26-4:4.)

15       Plaintiff's negligence claim is not actionable under § 1983.  In particular, "the
16  Constitution does not guarantee due care on the part of state officials; liability for negligently
17  inflicted harm is categorically beneath the threshold of constitutional due process."  County
18  of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

19       Additionally, even if plaintiff's claim alleged the violation of a constitutional right, the
20  complaint is subject to dismissal under the United States Supreme Court's holding in Heck v.
21  Humphrey, 512 U.S. 477 (1994).  Under Heck, in order to state a claim for damages for an
22  allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by
23  actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff
24  asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been
25  reversed or declared invalid.  See id. at 486-87.  A claim for damages arising from a
26  conviction or sentence that has not been so invalidated is not cognizable under § 1983.  See
27  id.  Here, plaintiff does not allege the criminal conviction that resulted from the defendants'
28  assertedly negligent actions has either been reversed or declared invalid.  Further, a

determination that the victim's death certificate is inaccurate would directly implicate the validity of plaintiff's conviction. Consequently, plaintiff's claim is not cognizable under § 1983.

Lastly, to the extent plaintiff seeks a determination that he is entitled to release, he must pursue such relief by filing a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED without leave to amend.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 22, 2010

MAXINE M. CHESNEY
United States District Judge